**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, 4805 Mt. Hope Drive Baltimore, MD 21215, <br><br> *Plaintiff,* <br><br> v. <br><br> U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION 131 M St. NE Washington, D.C. 20507, <br><br> and <br><br> ANDREA LUCAS, in her official capacity as Acting Chair of the Equal Employment Opportunity Commission, 131 M St. NE Washington, D.C. 20507, <br><br> *Defendants.* | Case No. 26-cv-02020 |

**<u>COMPLAINT</u>**

1.      Plaintiff the National Association For the Advancement of Colored People brings this action against the U.S. Equal Employment Opportunity Commission under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of the FOIA.

**<u>JURISDICTION AND VENUE</u>**

2.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3.    Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4.    Because Defendants has failed to comply with the applicable time-limit provisions of the FOIA, Plaintiff is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5.    Plaintiff, the National Association for the Advancement of Colored People ("NAACP"), founded in 1909, is the oldest and largest civil rights organization in the United States. Its mission is to ensure the educational, political, social, and economic equality of all persons and eliminate race-based discrimination. The NAACP is regularly engaged in disseminating information to the public.

6.    Defendant the U.S. Equal Employment Opportunity Commission ("EEOC") is an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1) headquartered in Washington, DC. The EEOC has possession, custody, and control of the records that the NAACP seeks.

## STATEMENT OF FACTS

**The December 17, 2025 Solicitation**

7.    On December 17, 2025, Andrea Lucas, Chair of the EEOC, released a video on the social media platform X soliciting discrimination complaints from white men and inviting them to contact her office directly. *See* Andrea Lucas (@andrealucasEEOC), X (Dec. 17, 2025, 6:47 PM ET), https://x.com/andrealucasEEOC/status/2001439099907961012.

8.    That same day, Chair Lucas published tweets reiterating the solicitation and

encouraging white men to submit discrimination complaints to the EEOC. *See* Andrea Lucas

(@andrealucasEEOC), X (Dec. 17, 2025, 5:44 PM ET),

https://x.com/andrealucaseeoc/status/2001423215915123112.

9.    Chair Lucas's public solicitation raised significant questions and received critical

media coverage about whether the EEOC, the federal agency charged with enforcing the nation's

workplace anti-discrimination laws, was administering its charge-handling functions in a manner

that treats charging parties differently based on race and sex. *See*, *e.g.*, Sarah Dean, *Equal

Employment Opportunity Commission Head Asks White Men to Report Discrimination*, NBC

News (Dec. 19, 2025, 7:06 PM),

https://www.nbcnews.com/politics/trump-administration/equal-employment-opportunity-commi

ssion-head-asks-white-men-report-dis-rcna249939.

**The NAACP's March 9 FOIA Request**

10.    On March 9, 2026, the Lawyers' Committee for Civil Rights Under Law, acting as

counsel on behalf of the NAACP, submitted a FOIA request to the EEOC via the agency's

online FOIA portal (the "Request"). *See* Exhibit A.

11.    The Request sought eight categories of records: (a) all formal and informal

directives, guidance, or recommendations provided to the EEOC related to any new or altered

interpretation or enforcement guidance on workplace discrimination at any time since January 21,

2025; (b) all directives, memos, guidance, or recommendations related to the handling,

categorization, or prioritization of allegations, inquiries, or charges of discrimination; (c) all data

collected by or provided to the EEOC related to allegations of discrimination based on race or sex

in Fiscal Year 2024 and Fiscal Year 2025; (d) any changes, additions, or deletions to the types of

data collected from charging parties or recorded by the EEOC in any agency database, including

the Agency Record Center (ARC); (e) the number of charges recorded by the EEOC under the

project code "DEI"; (f) all records and email communications sent by Chair Lucas or persons acting on her behalf related to the December 17, 2025 video; (g) all records relating to the costs or budget for production of the December 17, 2025 video; and (h) all email communications sent by specified senior EEOC officials and containing specified key terms.

12.     The Request sought all responsive records from January 21, 2025, through the date the search is conducted.

**The NAACP's Fee Waiver Request**

13.     In accordance with 5 U.S.C. § 552(a)(4)(A)(iii) and EEOC regulations, the NAACP requested a waiver of all fees associated with processing the Request.

14.     The NAACP's fee waiver request established that disclosure of the requested records is in the public interest because the records concern the operations of the federal government and are likely to contribute significantly to public understanding of those operations. Specifically, the records have the potential to shed light on whether and to what extent the EEOC is handling charges of discrimination differently based on the race or sex of charging parties.

15.     The NAACP further established that the Request is primarily and fundamentally for non-commercial purposes. The NAACP is a 501(c)(4) nonprofit organization with no commercial purpose, and the release of the requested information is not in the NAACP's financial interest.

**The EEOC's Acknowledgement of the FOIA Request**

16.     On March 10, 2026, one day after the NAACP submitted the Request, the EEOC's Office of Legal Counsel issued a letter to counsel for the NAACP acknowledging receipt of the Request and assigning it FOIA tracking number 820-2026-006356 (the "March 10 Letter"). *See* Exhibit B.

17.     The March 10 Letter designated the Request as "Complex" and invoked the

ten-working-day extension available under 5 U.S.C. § 552(a)(6)(B), citing the need to search for records from field offices, the voluminous nature of the records demanded, and the need to consult with other agencies or components. The letter stated that "EEOC will make every effort to issue a determination on your request on or before 09/17/2025.[*sic*]"

**The EEOC's Denial of the Requested Fee Waiver**

18.    In the same March 10 Letter, the EEOC denied the NAACP's request for a waiver of fees.

19.    The sole substantive basis articulated by the EEOC for denying the fee waiver was that the NAACP had purportedly failed to "articulate with reasonable specificity [its] intention and ability to disseminate the requested information." The March 10 Letter cited *National Security Counselors v. DOJ*, 848 F.3d 467, 473-74 (D.C. Cir. 2017), for the proposition that a fee waiver is properly denied where the requester fails to produce "sufficiently specific and non-conclusory statements demonstrating its ability to disseminate the disclosure."

20.    The EEOC's denial did not address, and made no findings regarding, the substantive public interest in disclosure of the requested records, the non-commercial nature of the Request, or the NAACP's actual capacity and history of disseminating information to the public on matters of civil rights and federal government operations.

21.    As a result of the denial, the EEOC reclassified the NAACP as an "other" requester under 29 C.F.R. § 1610.15(a)(1)(iii), entitling the NAACP only to two free hours of search time and the first 100 pages of duplication, with all additional processing costs to be assessed against the NAACP.

22.    The March 10 Letter further stated that the Request would remain "on hold" pending the EEOC's determination of a search fee estimate, and that a separate fee estimate letter would be provided.

25.    As of the date of this filing, the NAACP has not received any fee estimate, any production of responsive records, or any further substantive communication from the EEOC regarding the Request.

26.    By placing the Request on hold pending payment of fees that should have been waived, the EEOC has attempted to use the improper fee waiver denial to delay and obstruct the NAACP's access to records due to be released under the FOIA.

**The NAACP's Appeal of the EEOC's Denial of the Requested Fee Waiver**

23.    On June 3, 2026 counsel for the NAACP administratively appealed the fee waiver denial pursuant to 29 C.F.R. §§ 1610.9(f)(2) and 1610.11. The NAACP is the nation's oldest and largest civil rights organization, with a documented history of disseminating information obtained through public records requests to its membership and to the broader public through published reports, press releases, media engagement, and litigation. *See*, *e.g.*, NAACP Shares Results of Info Request on Virginia Election Integrity Unit; Calls on Miyares to Disband It, 13News Now (Nov. 29, 2022, 6:00 PM), https://www.13newsnow.com/article/news/politics/naacp-information-request-virginia-election-int egrity-unit/291-a3463615-71e1-4be2-9df0-edd806bf0d87; Hansi Lo Wang, Restrictions on Deployed U.S. Troop Data Could Put 2020 Census 'At Risk', NPR (Feb. 25, 2019, 1:08 PM), https://www.npr.org/2019/02/25/697315761/restrictions-on-deployed-u-s-troop-data-could-put-20 20-census-at-risk; ACLU, ACLU and NAACP Secure Access to Public Eviction Records in Data-Scraping Case, Am. Civil Liberties Union (Sept. 13, 2023), https://www.aclu.org/press-releases/aclu-and-naacp-secure-access-to-public-eviction-records-in-da ta-scraping-case.

**The EEOC's Failure to Respond**

27.     Under 5 U.S.C. § 552(a)(6)(A)(i), the EEOC was required to determine whether to comply with the Request and to notify the NAACP of its determination and the reasons therefore within twenty working days of receipt, extended by ten additional working days under 5 U.S.C. § 552(a)(6)(B) by the notice of extension of the response deadline in the EEOC's March 10 Letter.

28.     As of the date of this filing, more than 30 working days have elapsed since the EEOC's receipt of the Request.

29.     The EEOC has failed to issue a determination on the Request and has failed to produce any responsive records.

30.     The NAACP has constructively exhausted its administrative remedies regarding the denial of the Request under 5 U.S.C. § 552(a)(6)(C)(i).

31.     The NAACP's appeal of the EEOC's denial of a fee waiver is pending an administrative response by the agency and therefore administrative remedies have not been exhausted regarding the issue of FOIA fees.

**The NAACP's Follow-Up FOIA Request**

32.     On June 4, 2026, the NAACP's counsel submitted a FOIA request (the "Follow-Up Request") to the EEOC via the agency's online FOIA portal seeking identical categories of records to those sought in the March 9 FOIA Request, up to the date an updated search is conducted. *See* Exhibit C. As of this filing the Follow-Up Request is pending an administrative response by the EEOC.

### COUNT I
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records**

33.     The NAACP repeats the allegations in the foregoing paragraphs and

incorporates them as though fully set forth herein.

34.     The NAACP properly requested records within the possession, custody, and control of the EEOC.

35.     The EEOC is an agency subject to FOIA, and it must therefore make reasonable efforts to search for requested records.

36.     The EEOC has failed to promptly review agency records for the purpose of locating those records that are responsive to the NAACP's FOIA requests.

37.     The EEOC's failure to conduct an adequate search for responsive records violates the FOIA and the EEOC's regulations.

38.     Plaintiff, the NAACP is therefore entitled to injunctive and declaratory relief requiring Defendant, the EEOC to promptly make reasonable efforts to search for records responsive to the NAACP's FOIA request.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

39.     The NAACP repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

40.     The NAACP properly requested records within the possession, custody, and control of the EEOC.

41.     The EEOC is an agency subject to FOIA, and it must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

42.     The EEOC is wrongfully withholding non-exempt agency records requested by the NAACP by failing to produce non-exempt records responsive to its March 9 FOIA request.

43.     The EEOC is wrongfully withholding non-exempt agency records requested by the

NAACP by failing to segregate exempt information in otherwise non-exempt records responsive to the NAACP's March 9 FOIA request.

44.     The EEOC's failure to provide all non-exempt responsive records violates the FOIA and the EEOC regulations.

45.     Plaintiff, the NAACP is therefore entitled to declaratory and injunctive relief requiring Defendant, the EEOC to promptly produce all non-exempt records responsive to Plaintiff's March 9 FOIA request and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

### REQUESTED RELIEF

WHEREFORE, the NAACP respectfully requests the Court to:

(1) Order Defendants to conduct a search or searches reasonably calculated to uncover all records responsive to the NAACP's FOIA Request;

(2) Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to the NAACP's FOIA request and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the NAACP's FOIA request;

(4) Award the NAACP the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant the NAACP such other relief as the Court deems just and proper.

Dated: June 5, 2026                                      Respectfully submitted,

_/s/ Kerry S. Gutknecht_
Kerry Gutknecht
D.C. Bar No. 1657705
1319 F St NW Ste 301
PMB 154
Washington, DC 20004
(202)789-1650
Kerry@GutknechtLegal.com

_/s/ Kathryn J. Youker_
Kathryn J. Youker
D.C. Bar No. 90004024
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street NW, Suite 900
Washington, DC 20005
Tel.: (202) 662-8375
Fax: (202) 783-0857
kyouker@lawyerscommittee.org

_Attorneys for Plaintiff_