UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE,<br><br>Plaintiff,<br><br>v.<br><br>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, *et al.*,<br><br>Defendants. | Civil Action No. 26-2020 (JMC) |

**ANSWER**

Defendant Equal Employment Opportunity Commission ("Defendant"), by and through undersigned counsel, respectfully submits this Answer to the Complaint filed by Plaintiff National Advancement for the Advancement of Colored People ("Plaintiff") on June 8, 2026. (ECF No. 1). This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Defendant expressly denies all allegations in the Complaint, including the relief sought, that are not specifically admitted to or otherwise qualified in this Answer. Moreover, to the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents. However, such references are not intended to be, and should not be construed as, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendant responds to the Complaint in corresponding, numbered paragraphs as follows:

## COMPLAINT[1]

1. The allegations in this paragraph consist of Plaintiff's characterization of this action, to which no response is required. To the extent a response is deemed required, Defendant admits that Plaintiff purports to bring this action under the FOIA and denies any violation of the FOIA.

## JURISDICTION AND VENUE

2. The allegations in this paragraph consist of conclusions of law concerning jurisdiction, to which no response is required. To the extent a response is deemed required, Defendant admits that this Court has jurisdiction over FOIA claims subject to the terms and limitations of the FOIA and 28 U.S.C. § 1331.

3. The allegations in this paragraph consist of conclusions of law concerning venue, to which no response is required. To the extent a response is deemed required, Defendant admits that venue over properly asserted FOIA claims lies in this district.

4. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph and denies that Plaintiff is entitled to relief.

## PARTIES

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

6. Defendant admits the allegations in this paragraph.

---

1 Unless otherwise stated, for ease of reference, Defendant refers to the headings contained in the Complaint, but to the extent those headings could be construed to contain factual allegations, those allegations are denied.

## STATEMENT OF FACTS

**The December 17, 2025 Solicitation**

7. Defendant admits that Andrea Lucas, Chair of the EEOC ("Chair Lucas"), posted a video on X on December 17, 2025. The remainder of this paragraph consists of Plaintiff's characterization of that post, to which no response is required. The post speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the post for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

8. Defendant admits that Chair Lucas made one other X post at 5:44 PM and replied to comments on December 17, 2025. The remainder of this paragraph consists of Plaintiff's characterization of that post, to which no response is required. The post speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the post for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

9. This paragraph consists of Plaintiff's characterization of Chair Lucas's posts, to which no response is required. The posts speak for themselves and are the best evidence of their contents. Defendant respectfully refers the Court to the posts for a full and accurate statement of its contents and denies any allegations inconsistent therewith. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

**The NAACP's March 9 FOIA Request**

10. Defendant admits that it received a FOIA request from Plaintiff dated March 9, 2026.

11. Defendant admits that it received a FOIA request from Plaintiff dated March 9, 2026. The remainder of this paragraph consists of Plaintiff's characterization of that FOIA request, to which no response is required. The request speaks for itself and is the best evidence of its

contents. Defendant respectfully refers the Court to the request for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

12. Defendant admits the allegations in this paragraph but avers that Plaintiff's FOIA request speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the request for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

**The NAACP's Fee Waiver Request**

13. Defendant admits that Plaintiff requested a waiver of all fees associated with processing its March 9, 2026 FOIA Request. The remaining allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies the remaining allegations in this paragraph.

14. Defendant admits that Plaintiff requested a waiver of all fees associated with processing its March 9, 2026 FOIA Request. The remainder of this paragraph consists of Plaintiff's characterization of that fee waiver request, to which no response is required. The request speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the request for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

15. Defendant admits that Plaintiff requested a waiver of all fees associated with processing its March 9, 2026 FOIA Request. The remainder of this paragraph consists of Plaintiff's characterization of that fee waiver request, to which no response is required. The request speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the request for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

**The EEOC's Acknowledgement of the FOIA Request**

16. Defendant admits that on March 10, 2026, it issued a letter acknowledging receipt of Plaintiff's FOIA request and assigning it tracking number 820-2026-006356. The remainder of this paragraph consists of Plaintiff's characterization of that letter, to which no response is required. The letter speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the letter for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

17. Defendant admits that on March 10, 2026, it issued a letter acknowledging receipt of Plaintiff's FOIA request and assigning it tracking number 820-2026-006356. The remainder of this paragraph consists of Plaintiff's characterization of that letter, to which no response is required. The letter speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the letter for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

**The EEOC's Denial of the Requested Fee Waiver**

18. Defendant admits that on March 10, 2026, it issued a letter denying Plaintiff's request for a fee waiver.

19. Defendant admits that on March 10, 2026, it issued a letter denying Plaintiff's request for a fee waiver. The remainder of this paragraph consists of Plaintiff's characterization of that letter, to which no response is required. The letter speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the letter for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

20. Defendant admits that on March 10, 2026, it issued a letter denying Plaintiff's request for a fee waiver. The remainder of this paragraph consists of Plaintiff's characterization of

that letter, to which no response is required. The letter speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the letter for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

21. Defendant admits the allegations in this paragraph but avers that its letter speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the letter for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

22. Defendant admits the allegations in this paragraph but avers that its letter speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the letter for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

25. Defendant admits the allegations in this paragraph but avers that on July 1, 2026, Defendant issued Plaintiff an appeal determination letter, reversing Defendant's denial of Plaintiff's fee waiver request, and that on July 17, 2026, Defendant produced to Plaintiff all non-exempt records responsive to Plaintiff's FOIA request.[2]

26. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

[2] Defendant replicates the paragraph numbers contained in the Complaint. Defendant notes that here the Complaint paragraph numbering skips paragraphs 23 and 24.

**The NAACP's Appeal of the EEOC's Denial of the Requested Fee Waiver**

23. Defendant admits Plaintiff filed an administrative appeal of the fee waiver denial. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.[3]

**The EEOC's Failure to Respond**

27. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.[4]

28. Defendant admits the allegations in this paragraph.

29. Defendant admits the allegations in this paragraph but avers that on July 17, 2026, Defendant produced to Plaintiff all non-exempt records responsive to Plaintiff's FOIA request.

30. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

31. Defendant admits the allegations in this paragraph but avers that on July 1, 2026, Defendant issued Plaintiff an appeal determination letter, reversing Defendant's denial of Plaintiff's fee waiver request.

**The NAACP's Follow-Up FOIA Request**

32. Defendant admits that it received a FOIA request from Plaintiff dated June 4, 2026. The remainder of the first sentence of this paragraph consists of Plaintiff's characterization of that

---

[3] Defendant replicates the paragraph numbers contained in the Complaint. Defendant notes that here the Complaint paragraph numbering jumps from paragraph 26 to paragraph 23.

[4] Defendant replicates the paragraph numbers contained in the Complaint. Defendant notes that here the Complaint paragraph numbering jumps from paragraph 23 to paragraph 27.

FOIA request, to which no response is required. The request speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the request for a full and accurate statement of its contents and denies any allegations inconsistent therewith. Defendant admits the second sentence of this paragraph but avers that on July 17, 2026, Defendant produced to Plaintiff all non-exempt records responsive to Plaintiff's FOIA request.

**COUNT I**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records**

33. Defendant realleges and incorporates by reference all the preceding paragraphs of this Answer as if fully stated in this paragraph.

34. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

35. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant admits that it is an agency subject to the FOIA and denies the remainder.

36. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

37. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

38. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations

in this paragraph and avers that Plaintiff's request was fulfilled on July 17, 2026, rendering the requested relief moot.

**COUNT II**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Responsive Records**

39. Defendant realleges and incorporates by reference all the preceding paragraphs of this Answer as if fully stated in this paragraph.

40. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

41. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant admits that it is an agency subject to the FOIA and denies the remainder.

42. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

43. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

44. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

45. The allegations in this paragraph consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations

in this paragraph and avers that Plaintiff's request was fulfilled on July 17, 2026, rendering the requested relief moot.

## REQUESTED RELIEF

The remainder of the Complaint consists of Plaintiff's request for relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested.

## DEFENSES

Defendant alleges the following additional defenses to the Complaint. Defendant does not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law..

1. Plaintiff is not entitled to compel production of any record or portion of any record that the FOIA, the Privacy Act, or any other federal law excludes, exempts, or otherwise protects from disclosure.

2. Defendant has not improperly withheld records requested by Plaintiff under the FOIA, to the extent such records exist, as some or all the requested records, or portions thereof, may be exempt from disclosure. 5 U.S.C. § 552(b).

3. Plaintiff is not entitled to the production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

4. Defendant's actions or inactions did not violate the FOIA or any other statutory or regulatory provision.

5. The Court lacks subject-matter jurisdiction over Plaintiff's request for relief that exceeds the relief authorized under the FOIA.

6. Plaintiff is neither eligible for nor entitled to attorneys' fees or costs.

7. Plaintiff's claims are moot. On July 17, 2026, Defendant produced to Plaintiff all non-exempt records responsive to Plaintiff's request. *See Jud. Watch, Inc. v. DHS*, 895 F.3d 770, 777 (D.C. Cir. 2018) ("FOIA lawsuits generally become moot once an agency has made available requested non-exempt records . . . .").

8. Defendant respectfully request and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to it through the course of litigation.

Dated: August 3, 2026
Washington, D.C.

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Benjamin H. Zieman*
Benjamin H. Zieman
Assistant United States Attorney
601 D Street N.W.
Washington, D.C. 20530
202-252-2540
benjamin.zieman@usdoj.gov

*Attorneys for the United States of America*